IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | 2:00CR25(4) |
| | § | |
| KENNETH WAYNE THOMAS | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On September 17, 2008, the court held a final hearing on the government's Petition to Revoke Supervised Release (#219). The government was represented by Assistant United States Attorney Allen Hurst. The defendant was represented by Charles Van Cleef.

Kenneth Wayne Thomas was sentenced on January 9, 2001, before the Honorable U.S. District Judge T. John Ward, after pleading guilty to the offense of Conspiracy to Manufacture Methamphetamine. Kenneth Wayne Thomas was subsequently sentenced to 81 months imprisonment followed by a term of four years supervised release subject to the standard conditions of release, plus certain special conditions of release. On January 20, 2006, Kenneth Wayne Thomas completed his period of imprisonment and began service of the supervision term. On August 27, 2008, the instant petition to revoke was filed. In its petition, the government alleges that the defendant violated the following conditions:

1) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Specifically, the government alleges as follows: On September 6, 2006, January 4, 2007, April 7, 2008, May 6, 2008 and August 13, 2008, the defendant submitted urine specimens which tested positive for cocaine.

2) The defendant shall reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence as directed by the United States Probation Officer

and shall observe the rules of the facility. Specifically, the government alleges as follows: On August 5, 2008, the defendant was discharged from County Rehabilitation Center as a program failure.

The court scheduled a revocation hearing for September 17, 2008. At the hearing on the government's petition, and after consenting to the undersigned's taking the plea, the defendant pled true to the first allegation as set forth above, and the government abandoned the remaining allegations. Based on the defendant's plea of true to the first allegation, and with no objection by the defendant or the government, the court found that the defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The court thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 21 months with no supervised release to follow. Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the first allegation as set forth in the government's petition be **ACCEPTED**. Based upon the defendant's plea of true to this allegation, it is further recommended that the Court find that the defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 21 months, with no term of supervised release to follow such term of imprisonment.

**RECOMMENDED** that the court request that the Bureau of Prisons place the defendant in its Texarkana, Texas, facility during the period of his confinement.

At the close of the revocation hearing, defendant, defense counsel, and counsel for the

government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 19th day of September, 2008.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE